**SO ORDERED.**

**SIGNED this 24 day of July, 2015.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

**IN RE:**

**KENNETH GORDON WELSH, III**

    **Debtor**

**CASE NO. 13-02457-8-DMW**

**CHAPTER 13**

---

**WILLIAM C. ALLEN**

    **Plaintiff**

**vs.**

**KENNETH GORDON WELSH, III**

    **Defendant**

**vs.**

**WILLIAM C. ALLEN**

    **Counter-Defendant**

**ADVERSARY**
**PROCEEDING**
**NO. 14-00004-8-DMW**

**ORDER ALLOWING MOTION TO COMPEL IN PART AND DENYING IN PART**

This matter comes on to be heard upon the Motion to Compel and Motion for Attorney's Fees and Memorandum of Law in Support ("Motion") filed by Kenneth Gordon Welsh, III ("Defendant") filed on April 22, 2015 and the Response in Opposition to Defendant's Motion to Compel and Motion for Attorney's Fees filed by William C. Allen ("Plaintiff"). The court conducted a hearing in Raleigh, North Carolina on June 17, 2015. Samuel Thomas Currin, II, Esq. appeared for the Defendant, and Cort I. Walker, Esq. appeared for the Plaintiff. Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1.     This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.     The Defendant filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on April 15, 2013.

3.     The Plaintiff filed the complaint ("Complaint") in the above-captioned adversary proceeding against the Defendant on January 9, 2014. The Complaint alleged four claims for relief: Alienation of Affection ("First Claim"), Criminal Conversation ("Second Claim"), Defamation ("Third Claim"), and Exemption from Discharge pursuant to 11 U.S.C. §523(a)(6) ("Fourth Claim") (collectively "Claims for Relief").

4.     The Defendant served the Plaintiff with Defendant's First Set of Interrogatories and Request for Production of Documents, Stored Information, and Tangible Things to Plaintiff ("Defendant's First Discovery Request") on November 4, 2011.

5.     On December 19, 2014, the Plaintiff served the Defendant with the Plaintiff's Responses ("Plaintiff's Responses").

6.     The Defendant filed the Motion because the Defendant believes that the Plaintiff's Responses do not fully respond to the Defendant's First Discovery Request. At the hearing, counsel for the Defendant argued that although the Plaintiff had produced approximately two hundred documents to the Defendant, the Plaintiff did not clearly label or identify which documents corresponded with each request or which Claims for Relief.  Further, the Plaintiff objected to a portion of the Defendant's First Discovery Request on the basis of attorney-client privilege but did not provide a privilege log[1] to the Defendant.

7.     At the hearing, the Defendant argued that the Plaintiff should be compelled to label the documents in order to indicate which request each document produced corresponded to pursuant to Rule 34 (b)(2)(E)(i) of the Federal Rules of Civil Procedure made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure. Rule 34 (b)(2)(E)(i) states that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

8.      Further, the Defendant argued that pursuant to Rule 26(b)(5)(a) of the Federal Rules of Evidence, the Plaintiff should be compelled to create a privilege log of relevant documents or communications that the Plaintiff is claiming as privileged.

9.     Rule 26 (b)(5)(a) of the Federal Rules of Evidence states that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or

---

[1] A privilege log provides a description of the document, the author, addressee, type of document, and the specific reasons privilege is claimed. *Kelly v. United States*, 281 F.R.D. 270, 277 (E.D.N.C. 2012). The party must "expressly make the claim" and "describe the nature of the documents ... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. *Id.*

subject to protection as trial-preparation material, the party must (i) expressly make the claim and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

10.     The Plaintiff argued that all the documents produced pertained to the all Claims for Relief and that the documents produced were self-explanatory and did not require labeling.

11.     The Plaintiff further argued that the documents being withheld from the Defendant as privileged were limited to email communications between the Plaintiff and his counsel, and those communications fall into the exempted category of attorney-client privilege or trial-preparation materials pursuant to Rule 26 of the Federal Rule of Evidence.  The Plaintiff argued that the burden of creating a privilege log and entry of each email exchanged between Plaintiff's counsel and Plaintiff would outweigh the minimal benefit it would provide to the Defendant.

12.     It appears that the documents produced were produced as they are kept in the usual course of business pursuant to Rule 34 (b)(2)(E)(i) and did not require a reference to the specific numerical request of the Defendant's First Discovery Request. The production of documents, however, requires categorization to indicate to which Claim for Relief the production relates.

13.     The Plaintiff is not required to detail each email communication between the Plaintiff and Plaintiff's counsel.  The court will, however, require the Plaintiff to produce to Defendant a log or summary by month with a brief description of the number of communications exchanged and the parties to those communications from January 1, 2011 through June 17, 2015.

14.     The Defendant's request for an award of reasonable attorney's fees for the filing of the Motion will be denied; now therefore,

It is ORDERED, ADJUDGED and DECREED as follows:

1.      The Plaintiff shall produce and classify the documents in a manner that identifies the Claim for Relief to which each document corresponds with the understanding that the documents produced may apply to one or more of the causes of action in the Claims for Relief;

2.       The Plaintiff shall create and produce to the Defendant a record, or privilege log, identifying the email communications protected by the attorney-client privilege. The record will group the email communications by month indicating the number of emails exchanged and the parties to those communications for the period of time beginning January 1, 2011 through June 17, 2015; and

3.      The Defendant's request for the allowance of reasonable attorney's fees for the filing of the Motion is denied.

END OF DOCUMENT